IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES MOSLEY,<br>          Plaintiff, | :<br>: |
| v. | :<br>:  CIVIL ACTION NO. 25-CV-4959<br>: |
| STACY GARRITY, *et al.*,<br>          Defendants. | :<br>:<br>: |

MEMORANDUM

**PEREZ, J.**                                                                                               **SEPTEMBER 17, 2025**

Plaintiff James Mosley has filed a civil rights action against Pennsylvania State Treasurer Stacy Garrity and Treasury employee Sandy L. Frisco. Mosley also seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Mosley leave to proceed *in forma pauperis* and dismiss the Complaint.

I.   FACTUAL ALLEGATIONS[1]

Mosley received a letter signed by Defendant Frisco on the letterhead of Defendant Garrity dated October 11, 2024, denying an application he submitted to the Pennsylvania Treasury's Bureau of Unclaimed Property. (ECF No. 2-1.) The claim was denied because Mosley was an "incorrect claimant" and that he was "not entitled to collect the funds in question for lack of entitlement." (*Id*.)   He was advised that this was a final determination that he could appeal by filing a Petition for Review with the Pennsylvania Treasury Prothonotary within 30 days. (ECF No. 2-1.) He does not state whether he pursued an appeal.

---

[1] Mosley's Complaint consists of the Court's form complaint available for use by unrepresented litigants and attached Exhibits. (ECF Nos. 2, 2-1.) The Court deems the entire submission to constitute the Complaint and adopts the pagination supplied by the CM/ECF docketing system.

Mosley asserts that the "funds in question" are the proceeds of a sale of real property owned by his uncle, Henry Pierce, located at 1217 N. Taney Street, Philadelphia, Pennsylvania. (Compl. at 3.) He states the Treasury's determination that he was an incorrect claimant is wrong because, as a child, he resided in the property. (*Id*. at 4.) Mosley asserts a due process claim and seeks money damages alleging the Defendants acted with bias and prejudice toward him because, he appears to assert, the Defendants refuse to recognize he inherited the property from Pierce and other relatives who once owned it and the "tittles [sic] prove relativity ownership through heritage." (*Id*.)

The Court takes judicial notice that this is not the first lawsuit Mosley has filed in this Court concerning the ownership of 1217 N. Taney Street. In *Mosley v. Green*, No. 23-1665, 2023 WL 4935001 (E.D. Pa. Aug. 2, 2023), Mosley sued the Philadelphia Sheriff, the City of Philadelphia, employees of a title abstract company, and the owner of the property. He alleged his due process rights were violated when the property was sold at a sheriff's sale to satisfy a tax lien in 2003. In that case he alleged that, as the descendant of Walter Pierce and Lily Mae Mosley, he had an interest in the property. He attached documents indicating ownership by Henry W. Pierce, among others. That case was dismissed on statutory screening because, *inter alia*, the current owner of the property and the abstract company employees were not state actors, the Sheriff acted pursuant to a state court judgment, and his claims the City and the Sheriff were also time barred. *Id*. at *4-5.

## II.    STANDARD OF REVIEW

The Court grants Mosley leave to proceed *in forma pauperis* since he appears unable to pay the filing fee. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under §

1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). At this early stage of the litigation, the Court will accept the facts alleged in the Complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the Complaint contains facts sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024) (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

The Court construes the allegations of a *pro se* complaint liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). "This means we remain flexible, especially 'when dealing with imprisoned pro se litigants[.]'" *Id.* (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013)). However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala*, 704 F.3d at 245). An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." *Id.*; *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) (*per curiam*) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it be name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

3

**III.    DISCUSSION**

Mosley asserts due process violations.  The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983.  "Section 1983 does not, by its own terms, create substantive rights; it provides only remedies for deprivations of rights established elsewhere in the Constitution or federal laws."  *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996); *Pappas v. City of Lebanon*, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004) ("Section 1983 is not a source of substantive rights," but is merely a means through which "to vindicate violations of federal law committed by state actors.") (citing *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002)).  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995) ("The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law.").

The Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law."  U.S. Const. amend. XIV, § 1.  To state a claim under § 1983 for a violation of one's procedural due process rights, "a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide 'due process of law.'"  *Hill v. Borough of Kutztown*, 455 F.3d 225, 233-34 (3d Cir. 2006).  The Fourteenth Amendment's protections encompass real property.  *See Nicholas v. Penn. State Univ.*, 227 F.3d 133, 141 (3d Cir. 2000).

Three kinds of § 1983 claims may be brought under the Due Process Clause of the Fourteenth Amendment. *Zinermon v. Burch,* 494 U.S. 113, 125 (1990). First, a plaintiff may bring suit under § 1983 for a violation of his specific rights as guaranteed by the Bill of Rights. *Id.* Second, a plaintiff may assert a Fourteenth Amendment claim under the "procedural" aspect of the Due Process Clause, which guarantees fair procedure for the deprivation of a constitutionally protected interest in life, liberty, or property. *Id.* Third, a plaintiff may assert a claim under the "substantive" prong of the Due Process Clause, which bars certain arbitrary, wrongful government actions regardless of the fairness of the procedures used to implement them. *Id.* (quoting *Daniels v. Williams,* 474 U.S. 327, 331 (1986)).

The procedural aspect of the Due Process Clause guarantees the availability of certain procedural mechanisms, typically the right to notice and a hearing before the government can deprive an individual of a liberty or property interest. To establish a procedural due process violation, a person must first demonstrate that he has been deprived of a constitutionally protected property or liberty interest. *Daniels,* 474 U.S. at 339; *Renchenski v. Williams,* 622 F.3d 315, 325 (3d Cir. 2010). If a liberty or property interest is found, the next step in the due process inquiry is to determine what process is due. Stated another way, in order to state a plausible Fourteenth Amendment due process claim, a plaintiff must allege that "(1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of life liberty, or property, and (2) the procedures available to him did not provide due process of law." *Rosado v. City of Coatesville*, No. 19-2426, 2020 WL 1508351, at *3 (E.D. Pa. Mar. 30, 2020) (quoting *Hill*, 455 F.3d at 234). "If there is a process on the books that appears to provide due process, the plaintiff cannot skip that process and use the federal courts as a means to get back what he wants." *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000).

To the extent that Mosley attempts to assert a procedural due process claim, it is not plausible. The letter he attached to his Complaint indicates that he made an application to the Pennsylvania Treasury Department for unclaimed property, his application was denied, and he was advised of the procedure for appealing that determination. He does not state whether he exercised his appeal rights, but as he nonetheless received the process "on the books that appears to provide due process," *Alvin*, 227 F.3d at 116, he cannot show a plausible procedural due process violation.

Mosley alleges that the Defendants acted with bias and prejudice in denying his application and may be attempting to assert a substantive due process violation as well. The elements of a substantive due process claim are that: (i) defendants acted under color of law; (ii) a protected property or liberty interest was at stake; (iii) the defendants had a duty of care toward the plaintiff; and (iv) a deprivation within the meaning of the due process clause occurred. *Roberts v. Mentzer*, 382 F. App'x 158, 166 (3d Cir. 2010) (citing *Fagan v. City of Vineland*, 22 F.3d 1296, 1310 (3d Cir. 1994)). To support a plausible substantive due process claim, the government conduct must be "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Id*. (citing *Kaucher v. Cnty. of Bucks*, 455 F.3d 418, 425 (3d Cir. 2006)). "The 'shocks the conscience' standard encompasses 'only the most egregious official conduct.'" *United Artists Theatre Circuit, Inc. v. Twp. of Warrington*, 316 F.3d 392, 400 (3d Cir. 2003) (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998)). "[M]erely alleging an improper motive is insufficient, even where the motive is unrelated to the merits of the underlying decision." *Toll Bros. v. Twp. of Moorestown*, No. 10-4843, 2011 WL 2559507, at *8 (D.N.J. June 27, 2011) (citing *United Artists*, 316 F.3d at 402). Because Mosley's allegation of improper motive, namely bias and prejudice, on the part of the Pennsylvania Treasury officials

cannot meet the "shocks the conscience" standard, Mosley's attempt to allege a substantive due process claim also fails.

Accordingly, the Complaint will be dismissed. Because attempt at amendment would be futile, the dismissal will be with prejudice. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002) (stating that complaints dismissed under the Prison Litigation Reform Act should be with leave to amend "unless amendment would be inequitable or futile"). An order of dismissal will be entered separately. *See* Federal Rule of Civil Procedure 58(a).

**BY THE COURT:**

**MIA ROBERTS PEREZ, J.**